# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

**UNITED STATES OF AMERICA,**
                Plaintiff,

v.

**COREY RILEY,**
                Defendant.

Case No. CR-19-5147-RBL

**DETENTION ORDER**

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that: no condition or combination of conditions will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community. 18 U.S.C. Sect. 3142(e),(g). The government's motion for detention (Dkt. 6) is granted.

A presumption of detention – under 18 U.S.C. Sect. 3142(e)(3)(A) -- applies in this situation, because the defendant is charged with Possession with Intent to Distribution of a Controlled Substance, heroin, under 21 U.S.C. Sect. 841(a)(1) and 841(b)(1)(C). Dkt. 11, Indictment at 1. The defendant has not overcome the presumption.

The defendant has failed to appear in previous cases, but he also has shown the ability follow court orders. Between 2010-2015, he was ordered to follow the terms of a two-year deferral agreement in Pierce County District Court; after some difficulty, the defendant ultimately complied with all conditions and both counts of driving under the influence and hit/run unattended vehicle were dismissed. Dkt. 10, First Supplemental Pretrial Report, p. 5. On balance, the Court finds that the government has met its burden by a preponderance of the evidence that the defendant poses a risk of failure to appear.

The Court also finds the government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community.

Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions, or combination of conditions of release that would effectively mitigate the potential for danger to the community, or risk of non-appearance. Even with diligent supervision by United States Probation and Pretrial Services, including GPS electronic monitoring, every phone call to or from the defendant cannot be monitored. Nor would the probation and pretrial services professionals be able to control other people who might come to the residence where the defendant may be residing. Moreover, the defendant's apparent addiction to heroin would be a serious risk to himself, his fiancée and his friend Ms. Gillmer, if he were placed in the proposed residence.

Although the defendant has positive relationships with his fiancée and the friend – Ms. Gillmer -- whose home he and his fiancée propose to live in during his placement, his economic ties to the community are not strong. Mr. Riley has lived in Pierce County for his entire life but he has not recently been consistently employed; he was previously sporadically employed in construction work. The proposed placement with his friend Ms. Gillmer at her residence does not appear to be stable or reliable in terms of regulating his ability to control his behavior at this time. The defendant's fiancée admits to having a heroin habit. He and his fiancée have resided with Ms. Gillmer for a few months before his arrest on the current charges. Ms. Gillmer states that she is clean and sober, currently on methadone treatment. The defendant's fiancée indicated that the defendant was smoking approximately a half gram of heroin per day before he was arrested. The defendant stated that he has previously been in treatment for drug addiction. Dkt. 10 at 4. The Court is concerned that the defendant may also be suffering from addiction to heroin or other controlled substances and any placement with his fiancée would place her, him, Ms. Gillmer, and the community in a situation where their addictive behaviors may be exacerbated unless Mr. Riley obtains intensive treatment for drug abuse and intensive supervision. Dkt. 10 at 4. The circumstances of the current offense show extreme danger to the community because of the defendant's alleged distribution of heroin – an extraordinarily addictive and dangerous drug.

The Government is not required to produce evidence of prior convictions for violent crimes, nor is the Court required to rely on such evidence, when making a determination of the defendant's potential for serious risk of dangerousness. *United States v. Hir,* 571 F.3d 1081, 1091-92 (9th Cir. 2008); *United States v. Rodriguez,* 950 F.2d 85, 88-89 (2d Cir. 1991).

This finding, that the presumption of detention has not been overcome, is based on 1) the nature and circumstances of the offense(s) charged, 2) the history and characteristics of the person; and 3) the nature and seriousness of the danger release would impose to any person or the community; and (4) the potential for flight or failure to appear.

The professionals who work with the United States Probation and Pretrial Services are directed to explore the potential for an evaluation of the defendant to determine whether medically-assisted treatment may be appropriate.

*Order of Detention*

- **The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.**
- **The defendant shall be afforded reasonable opportunity for private consultation with counsel.**
- **The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.**

April 8, 2019

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge